UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **LAKE CHARLES HARBOR & TERMINAL DISTRICT** | **CIVIL ACTION NO. _____** |
| **VERSUS** | **DISTRICT JUDGE** |
| | **MAGISTRATE JUDGE** |
| **REYNOLDS METAL COMPANY** | **JURY DEMAND** |

## COMPLAINT AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes Plaintiff, LAKE CHARLES HARBOR & TERMINAL DISTRICT (hereinafter also referred to as "**Plaintiff**" or the "**District**"), who respectfully represents as follows:

### PARTIES

1.

A. Plaintiff, LAKE CHARLES HARBOR & TERMINAL DISTRICT, is a political subdivision of the state of Louisiana pursuant to La. R.S. 34:201.

B. Defendant, REYNOLDS METAL COMPANY, is a Delaware corporation, having a mailing address of 201 Isabella Street, Pittsburgh, PA 15212 (hereinafter, "**Reynolds**" or "**Defendant**").

### JURISDICTION AND VENUE

2.

This Court properly has subject matter jurisdiction over this action pursuant to 28 U.S.C.A. § 1332 in that the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

3.

Venue is proper pursuant to 28 U.S.C.A. § 1391(b), in that this District Court encompasses the area where a substantial part of the acts or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

4.

The District is the owner of certain immovable property located in Calcasieu Parish, Louisiana.

5.

A portion of the District's immovable property has been leased through the following acts:

A. The District and Gulf Coast Aluminum Corporation ("**Gulf Coast**") entered into an Underlying Lease Agreement filed December 21, 1967, recorded at Clerk's File No. 1083902, in Conveyance Book 1015, Page 462, of the records of Calcasieu Parish, Louisiana (the "**Underlying Lease Agreement**," attached as Exhibit "A"), pursuant to which the District leased unto Gulf Coast certain lands located in Calcasieu Parish, Louisiana, being more particularly described therein;

B. The District and Gulf Coast later entered into an Agreement of Lease filed September 2, 1970, recorded at Clerk's File No. 1184029, in Conveyance Book 1127, Page 431 (the "**1970 Lease Agreement**"), pursuant to which the District leased unto Gulf Coast an additional 9.37 acre tract located adjacent to the lands previously leased to Gulf Coast in the Underlying Lease Agreement;

C. Consolidated Aluminum Corporation ("**Consolidated**"), as successor-in-interest to Gulf Coast by virtue of a merger, and the District entered into an Agreement filed December 3, 1976, recorded at Clerk's File No. 1437472, in Conveyance Book 1373, Page 170 (the

"**1976 Agreement**"), whereby the 9.37 acre tract included in the 1970 Lease Agreement was reduced to 1.60 acres;

D. The District, Consolidated and Reynolds entered into an Agreement of Assignment, Assumption, Release and Amendment filed November 30, 1983, recorded at Clerk's File No. 1779960, in Conveyance Book 1778, Page 440 (the "**Assignment**," attached as Exhibit "B"), whereby Consolidated assigned all of its right, title and interest in and to the Underlying Lease Agreement, the 1970 Lease Agreement and the 1976 Agreement to Defendant, and Reynolds agreed to assume all of Consolidated's liabilities and obligations under those agreements;

E. The District and Reynolds entered into an Amended and Restated Underlying Lease Agreement filed November 30, 1983, recorded at Clerk's File No. 1779961, in Conveyance Book 1778, Page 480 (the "**Amended and Restated Underlying Lease Agreement**," attached as Exhibit "C"), whereby the Underlying Lease Agreement was amended and restated and the 1970 Lease Agreement (except for Sections 4,6 and 7) and the 1976 Agreement (except for Clause 7) were terminated (the Underlying Lease Agreement, the 1970 Lease Agreement, the 1976 Agreement, and the Amended and Restated Underlying Lease Agreement, collectively referred to herein as the "**Lease Agreements**" and the property leased under the Lease Agreements is collectively referred to herein as the "**Leased Premises**");

6.

Although the leases pertaining to the Leased premises have been assigned or amended wholly or partially multiple times, the District has remained the owner/lessor of the Leased Premises at all times pertinent to this Complaint.

## THE SOLID WASTE DUMP

7.

Upon information and belief at some point after the Underlying Lease Agreement was entered in 1967, Gulf Coast, Consolidated's successor in interest, began operating a 55-acre solid waste disposal area (the "**Solid Waste Dump**") on the Leased Premises (Gulf Coast and Consolidated are collectively hereinafter referred to as "**Consolidated**").

8.

Upon information and belief, over the years of disposal at the Solid Waste Dump, various substances were deposited at the Solid Waste Dump, including asbestos, solvents and other volatile organic compounds, polychlorinated biphenyls, solvents and other volatile organic compounds, PCBs and electrostatic precipitator tar.

9.

Consolidated did not obtain a permit or other prior authorization to construct the Solid Waste Dump.

10.

On September 23, 1982, the Louisiana Department of Natural Resources ("**LDNR**") issued a letter to Consolidated directing it to close the Solid Waste Dump.

11.

In 1984, LDNR considered the Solid Waste Dump to be closed.

12.

In 2005, the Louisiana Department of Environmental Quality ("**LDEQ**") issued an administrative order to Consolidated regarding the deteriorating condition of the Solid Waste Dump.

13.

The District was not a party to the administrative actions instituted by LDNR or LDEQ nor did the District receive notice of the pendency of these actions.

14.

Following the 2005 LDEQ order, litigation was commenced between Consolidated and Reynolds (and their successors/predecessors) regarding, *inter alia*, the condition of the Solid Waste Dump and required remediation. *Consolidated Aluminum Corp. v. Alcoa, Inc. and Reynolds Metals Co.*, Case 03-CV-1055, and *Alcoa Inc. v. Lonza Group Ltd. and Alcan Holdings*, Case no. 03-CV-5973, in the District Court for the Middle District of Louisiana before Chief Judge Ralph E. Tyson (the "**Consolidated/Reynolds Action**").

15.

The District was not a party to the Consolidated/Reynolds Action.

16.

On October 1, 2010, Consolidated and Reynolds entered into a Settlement Agreement and Release whereby they settled all claims pending in the Consolidated/Reynolds Action (the "**Consolidated/Reynolds Settlement**").

17.

The District was not a party nor did it consent to the Consolidated/Reynolds Settlement.

18.

To date, the Solid Waste Dump remains on the Leased Premises. It has not been removed.

**PARTIAL RELEASE OF THE LEASED PREMISES**

19.

The District and Reynolds entered into a Partial Release of Leased Property filed on September 7, 2016, recorded at Clerk's File No. 3244595, in Conveyance Book 4141, Page 441 (the "**Partial Release**," attached as Exhibit "D"), whereby a portion of the Leased Premises was released from the Lease Agreements (the portion of the Leased Premises released by the Partial Release is referred to herein as the "**Released Property**").

20.

The Solid Waste Dump is located on or within the Released Premises.

21.

On May 10, 2017, the District formally demanded that Reynolds repair, remediate and restore the property to its condition at the inception of the lease, less normal wear and tear. Exhibit "E", Letter from William J. Rase, III, Executive Director, Lake Charles Harbor & Terminal District, to Maureen Ford, Director of Global Real Estate, Alcoa Corporation (May 20, 2017). Reynolds is a wholly-owned subsidiary of Alcoa Corporation (collectively referred to hereinafter as "**Reynolds**").

22.

Reynolds has denied all responsibility for any aspect of the Solid Waste Dump, including cleanup that may be required in the future.

**CAUSE OF ACTION**
**CLAIM FOR RESTORATION**

23.

The District re-alleges those allegations set forth in paragraphs 1 through 22 above.

24.

Reynolds has an obligation under Louisiana Civil Code article 2683 to restore the Leased Premises to its original condition minus normal wear and tear.  *See State v. Louisiana Land and Exploration Co.*, 12-0884 (La. 1/30/13), 110 So.3d 1038, 1046 (recognizing that the obligation to restore the property to its original condition is "one of the principle obligations of the lessee.") Reynolds has failed to satisfy this obligation as the 55-acre Solid Waste Dump was not on the Leased Premises prior to the Lease Agreements.

25.

Reynolds is therefore liable to the District for all damages the District has sustained as a result of Reynolds' failure to restore the Leased Premises and to perform a proper and adequate remediation and restoration of the Leased Premises.

**DAMAGES CLAIMED**

26.

The District is entitled to all costs associated with clean up, purification, remediation, restoration and loss of rental income for the leased premises, including but not limited to the costs of testing, containment, prevention, abatement, remediation and/or restoration of all property damaged as above described.

**PRAYER**

27.

WHEREFORE, Plaintiff, LAKE CHARLES HARBOR & TERMINAL DISTRICT, respectfully prays as follows:

a.  That a copy of this Complaint be served on Defendant, Reynolds Metal Company;

b.  That said Defendant be cited to appear and answer the same;

c.  That after all due proceedings are had, there be a judgment rendered against Defendant in favor of Plaintiff, in the amount to be determined by the trier of fact, which will fully compensate Plaintiff for all damages suffered by it, together with legal interest from date of judicial demand, and all costs of these proceedings;

d.  That this Honorable Court afford Plaintiff all general and equitable relief as is necessary to fully compensate it herein; and

e.  A trial by jury on all issues.

Respectfully submitted,

**FAIRCLOTH, MELTON & SOBEL, LLC**

By: s/ Jimmy R. Faircloth, Jr. T.A.
Jimmy R. Faircloth, Jr. (T.A.)   La. Bar Roll #20645
jfaircloth@fairclothlaw.com
Brook L. Villa   La. Bar Roll #31988
bvilla@fairclothlaw.com
Franklin "Drew" Hoffmann   La. Bar Roll #35824
dhoffmann@fairclothlaw.com
301 Main St., Ste. 920
Baton Rouge, LA 70801
Phone (225) 343-9535
Fax (225) 343-9538

**ATTORNEYS FOR LAKE CHARLES HARBOR & TERMINAL DISTRICT**

**PLEASE SERVE:**

REYNOLDS METAL COMPANY
through its registered agent for service of process
CT Corporation System
5615 Corporate Blvd
Baton Rouge, LA 70808