**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**LAKE CHARLES HARBOR & TERMINAL DISTRICT**  **CIVIL ACTION NO. 17-1114**

**VERSUS** **JUDGE S. MAURICE HICKS, JR.**

**REYNOLDS METAL COMPANY** **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is an "Appeal to District Court Judge From Magistrate Judge's Order Denying Motion to Stay" (R. #59) wherein Defendants, Lonza Group Ltd. and Lonza America, Inc. (hereinafter collectively referred to as "Lonza") seek to reverse the order of the Magistrate Judge which denied Lonza's Motion to Stay.[1]

## PROCEDURAL HISTORY

The instant land contamination lawsuit was filed on September 5, 2017. On November 20, 2017, Defendant, Reynolds Metals Co., LLC ("Reynolds") filed a third-party complaint against Lonza pursuant to Federal Rules of Civil Procedure to assert demands and damages as a result of a Settlement Agreement and Release allegedly entered into between Lonza[2] and Reynolds.[3] Plaintiff, Lake Charles Harbor & Terminal District (the "Harbor"), amended its complaint to add Lonza Group Ltd. as a defendant.[4]

---
[1] R. #52.
[2] Lonza Group, Ltd. is a foreign company with a mailing address of Meunchensteinerstrasse 38, CH-4002, Basel, Switzerland; Lonza America, Inc. is a Delaware Domestic Business Corporation with a mailing address of 1200 Bluegrass Lakes Parkway, Alpharetta, GA 30004. R. #10, ¶ ¶ 6 and 7.
[3] R. #10.
[4] R. #12; Lonza Group Ltd. is the successor in interest of Swiss Aluminum Ltd. a/k/a Alusuisse a/k/a Alusuisse Lonza Holding Ltd. ("Alusuisse").

On May 4, 2018, Lonza filed a motion to dismiss for lack of personal jurisdiction[5] which is currently pending before the court.[6] Also before the court is a motion filed by Lonza to strike the Harbor's opposition to the motion to dismiss.[7] On June 22, 2018, Lonza filed a "Motion to Stay All Activity Pending an Appointment of District Court Judge and Decisions of Lonza Group LTD.'s Motion to Dismiss for Lack of Personal Jurisdiction" (R. #50). In that motion, Lonza moved to stay all activity in the matter, including, but not limited to discovery and the filing of initial disclosures, pending the appointment of a District Court Judge and subsequent to a hearing and decision on Lonza's motion to dismiss for lack of personal jurisdiction.[8]

The Harbor opposes Lonza's motion to stay and alternatively, requests jurisdictional discovery. The bases for Lonza's motion to stay are that there is no District Court Judge appointed to preside over the case, and the motion to dismiss for lack of jurisdiction has not been decided. Thus, Lonza contends it would be an unnecessary burden to conduct discovery and file initial disclosures. By order dated June 25, 2018, the Magistrate Judge, without reason, denied Lonza's motion to stay and further noted that the motion to dismiss had been referred to her for a Report and Recommendation.

On June 28, 2018, the Harbor filed a motion for jurisdictional discovery and by electronic order, the Magistrate Judge set briefing deadlines.[9] Shortly thereafter, Lonza filed the instant appeal.

---

[5] R. #42.
[6] In its motion to dismiss, Lonza contends that it does not have the requisite contacts with Louisiana to establish personal jurisdiction, and it is not the successor-in-interest to Alusuisse, an alleged parent corporation of Consolidated, which held the lease to the Leased Premises that is the subject matter of this litigation, prior to Defendant, Reynolds Metal Company.
[7] R. #47.
[8] R. #50.
[9] R. #57.

## **LAW AND ANALYSIS**

The Harbor argues that the Magistrate Judge's order denying the motion to stay is not clearly erroneous or contrary to law.[10] Lonza argues that the order denying the motion to stay effectively denies Lonza the relief it seeks in its motion to dismiss for lack of jurisdiction. Lonza suggests that instead of denying the motion to stay, the Magistrate Judge should have issued a report and recommendation for review by the undersigned. Lonza seeks reversal of the order pursuant to 28 U.S.C.A. § 636(b)(1)(a).[11]

28 U.S.C. § 636 governs a magistrate judge's responsibility and authority in civil matters. Under subdivision (b)(1) of that section, a magistrate judge may hear and determine any pre-trial matter pending before the Court, except those matters that are dispositive. On its face, a motion to stay would appear to be a continuance and not of a dispositive nature. There are instances where denying a motion to stay has the attributes of an injunction or disposition on the merits. In such instances, the magistrate judge must submit findings and recommendations to the District Court for disposition of the motion.[12] Lonza maintains that the Magistrate Judge's order effectively subjects it to the jurisdiction of the court, and therefore is dispositive of the relief sought by Lonza in its motion to dismiss.

---

[10] Fed. Rule Civ. Proc. 72(a).

[11] 28 U.S.C. § 636 (b)(1)(A) allows a magistrate judge to determine non-dispositive matters, while subsection (1)(B) requires a magistrate judge to submit proposed findings and recommendations for the district court's review of a dispositive matter. Local Rule 72(a) sets the standard for review of a magistrate judge's non-dispositive ruling; an order can be set aside if it is "clearly erroneous or is contrary to law."[11] For dispositive motions, under Local Rule 72(b), the Magistrate judge may only issue a recommended decision and if there is a timely objection, the district judge must engage in a *de novo* review.

[12] Livingston v. Metro. Life Ins. Co., 2000 WL 422242, at *4 (N.D. Tex. Mar 6, 2000).

More Specifically, Lonza contends that the Magistrate Judge did not have the authority to rule on the motion to stay because Lonza's motion to dismiss for lack of personal jurisdiction has not been determined. Furthermore, by denying the motion to stay, the court subjected Lonza to the jurisdiction of the court which is in effect, a denial of its motion to dismiss for lack of jurisdiction. Thus, Lonza maintains it was procedural error for the Magistrate Judge to have ruled on the motion.

The Harbor cites several cases that held that a motion to stay is a non-dispositive pre-trial matter which is reviewed on a clearly erroneous or contrary to law standard.[13] However, the Fifth Circuit has held that it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined.[14] A stay of discovery is not appropriate when it could prevent a party from "having a sufficient opportunity to develop a factual base for defending against a dispositive motion."[15]

The court agrees with Lonza that permitting discovery at this point is premature; however, the court feels that the parties should be allowed to proceed with discovery only as to the jurisdictional issues raised in Lonza's motion to dismiss for lack of personal jurisdiction.

As to Lonza's argument that the matter be stayed pending the appointment of a District Court Judge, the undersigned finds this argument lacks merit; the Western District of Louisiana has a group of Article III judges who are available to ultimately preside over

---

[13] Parm v. Shumate, 2006 WL 2331037, at *1 (W.D. La. Aug. 7, 2006); Wilson v. Warden Louisiana State Penitentiary, 2011 WL 4069177, at *1 (W.D. La. Sept. 13, 2011)(magistrate judge's decision relating to a stay is not dispositive under § 636(b)(1)(A); Parish of Jefferson v. S. Recovery Mgmt., Inc., 1996 WL 144400, at *1 (E.D. La. Mar. 27, 1996).
[14] Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir. 1987).
[15] See e.g. Kutilek v. Gannon, 132 F.R. 296, 298 (D. Kan. 1990).

4

this matter, and furthermore, there are specific procedures in place for pending cases such as this, including the pending motion to dismiss.

**CONCLUSION**

Based on the foregoing, the Court will sustain Lonza's appeal in part and deny it in part. The Court will stay the proceeding against Lonza as to any discovery unrelated to the jurisdictional issues raised in Lonza's motion to dismiss for lack of personal jurisdiction. Accordingly, it is

**ORDERED** that the Order issued on June 25, 2018 (R. #52) is **VACATED**.

**IT IS FURTHER ORDERED** that the motion to stay (R. #50) is hereby **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** as to the issue that there is not an Article III District Judge assigned to the case; the motion is **GRANTED** to the extent that discovery, other than discovery related to the jurisdictional issues raised in the pending motion to dismiss for lack of personal jurisdiction, is hereby **STAYED**, pending further order.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 15th day of August, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT