# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **LAKE CHARLES HARBOR & TERMINAL DISTRICT** | **CIVIL ACTION NO.: 2:17-cv-01114** |
| **VERSUS** | **DISTRICT JUDGE:** |
| **REYNOLDS METAL COMPANY** | **MAGISTRATE JUDGE KAY** |

## LONZA GROUP LTD AND LONZA AMERICA INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………………………ii

I.   BACKGROUND……………………………………………………………………….3

II.  LAW AND ARGUMENT...……………………………………………………………5

    a.  Due Process Requirements……………………………………………………...5

    b.  Plaintiff's Conclusory Legal Statements are Not Entitled to Deference ……...….7

    c.  General Jurisdiction Does Not Exist …………………………………………….8

    d.  Specific Jurisdiction Does Not Exist……………………………………………10

    e.  The Exercise of Jurisdiction Would be Unfair and Unjust……………………...15

    f.  Plaintiff has Failed to Meet its Burden…………………………………………..15

III. CONCLUSION………………………………………………………………………..16

# TABLE OF AUTHORITIES

**Cases**

*A & L Energy, Inc. v. Pegasus Grp.,* 2000-3255 (La. 6/29/01), 791 So.2d 1266 ......................... 11

*Asahi Metal Ind. Co. v. Super. Ct.,* 480 U.S. 102, 107 S.Ct. 1026, 94 L. Ed. 2d 92 (1987) ..... 6, 14

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................. 7, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) .................. 8

*Boatwright v. Metropolitan Life Ins. Co.,* 661 So.2d 169 (La. App. 4 Cir. 1995).......................... 6

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017)……………..……………………………………………….....…. 7, 11

*Burger King Co. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L. Ed. 2d 528 (1985) .. 6, 11, 14

*Carmouche v. Tamborlee Mgmt., Inc.,* 789 F.3d 1201 (11th Cir. 2015) ..................................... 10

*Carpenter v. Webre*, No. CV 17-808, 2018 WL 1453201 (E.D. La. Mar. 23, 2018) ..................... 8

*Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prod., Inc*., No. CV 17-2161, 2018 WL 1377608 (E.D. La. Mar. 19, 2018) ............................................................................ 11

*Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) …………………………………….2

*D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542 (5th Cir. 1985). ................................................................................................... 7

*DNH, L.L.C. v. In-N-Out Burgers*, 318 F.Supp. 2d 559, 564-65 (E.D. La. 6/24/2005)…………12

*Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014).............. 6, 7, 9, 10

*de Reyes v. Marine Mgt. and Consulting,* 586 So.2d 103 (La.1991)....................................... 6, 15

*Frisella v. Transoceanic Cable Ship Co.,* 181 F. Supp. 2d 644 (E.D. La. 2002). ........................ 14

*Georgia Mobile Dental, LLC v. Napper*, 2018 WL 6037527 *4 (M.D. La. 11/16/2018) ……2, 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011). .................................. 6

*Growden v. Ed Bowlin & Assocs.,* 733 F.2d 1149 (5th Cir. 1984). ............................................. 14

*Hanson v. Denkla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L. Ed. 2d 1283 (1958) .................................. 12

*Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)……………………………………………………………………………….5

*Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986).

*International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 (1945) ........... 12

*Int'l Energy Ventures Mgmt., L.L.C. v. United Ener. Grp., Ltd.,* 818 F.3d 193 (5th Cir. 2016)... 15

*Jones v. ITT Systems Division*, 596 Fed. App'x. 662 (8th Cir. 2015) ........................................... 10

*Kipp v. Ski Enterprise Corporation of Wisconsin, Inc.*, 783 F.3d 695 (7th Cir. 2015) ................ 10

*Landry v. Gibbens,* 95-0379 (La. App. 4 Cir. 11/16/95), 665 So. 2d 1176, *writ denied*, 96-0359 (La. 3/22/96), 669 So. 2d 1231. ....................................................................................................... 8

*Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465 (5th Cir. 2006) ............................................... 12

*Moncrief Oil Intern. Inc., v. OAO Gazprom*, 06-10552 (5th Cir. 03/12/2007); 481 F.3d 309 …2, 13

*Monkton Ins. Services Ltd. v. Ritter*, 768 F.3d 429 (5th Cir. 2014). .......................................... 2, 10

*Nuovo Pignone, Spa v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002) ................................... 11

*Panda Brandywine Corp. v. Potomac Elec. Power Co*., 253 F.3d 865, 868 (5th Cir. 2001) ………2

*Perkins v. Benguiet Consolidated Mining Co*., 342 U.S. 437, 72 S.Ct. 413 (1952). .................... 10

*Pichon v. Asbestos Defendants*, 2010-0570 (La. App. 4 Cir. 11/17/10), 52 So.3d 240, *writ denied*, 2010-2771 (La. 2/4/11), 57 So.3d 317. ......................................................................................... 8

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006)……………………….. 11

*Sonera Holding V.V. v. Cukurova Holding A.S*., 750 F.3d 221 (2d Cir. 2014) ........................... 10

*Valle v. Beauryne Builders LLC*, No. CV 17-274-SDD-RLB 2018 WL 1463692 (M.D. La. Mar. 23, 2018) ............................................................................ 7

*Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014) ……………………………………………………2

*Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co*., 517 F.3d 235, 243 (5th Cir. 2008) …….2

*Whitener v. Pliva, Inc.*, 606 F. App'x 762 (5th Cir. 2015) ............................................................... 10

*Wilson v. Belin,* 20 F.3d 644 (5th Cir. 1994). ................................................................................ 15

*World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559,

62 L.Ed.2d 490 (1980) ................................................................................................................. 12

**Statutes**

U.S.C.A. Const. Amend. 14 ............................................................................................................. 6

La. Rev. Stat. 13:3201 *et seq* ........................................................................................................... 6

**LONZA GROUP LTD AND LONZA AMERICA INC.'S MEMORANDUM
OF LAW IN SUPPORT OF THEIR RULE 12(b)(2) MOTION TO DISMISS
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

Defendants Lonza Group Ltd ("Lonza Group") and Lonza America Inc. ("Lonza America") (hereinafter collectively referred to as "Lonza" or "Defendants"), respectfully submit this memorandum of law in support of their Motion to Dismiss the Second Amended, Supplemental, and Restated Complaint and Jury Demand of Plaintiff, Lake Charles Harbor and Terminal District ("The District"), against both Lonza Group and Lonza America in its entirety and with prejudice. The Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) on the grounds that this Court lacks personal jurisdiction over Lonza Group and Lonza America in respect of the Article 2683 claim asserted by the District in the Complaint.

The District bears the heavy burden of establishing a *prima facie* case that this Court has personal jurisdiction over Lonza Group and Lonza America. As briefed below, the District cannot meet this heavy burden because:

- As to Lonza Group, This Court has already ruled that it lacks personal jurisdiction over Lonza Group when it granted Lonza Group's prior Motion to Dismiss for Lack of Personal Jurisdiction.[1]

- As to Lonza America, for the same reasons as were briefed in Lonza Group's prior Motion to Dismiss for Lack of Personal Jurisdiction, Lonza America is not the successor to Swiss Aluminum (hereinafter "Alusuisse") or Consolidated Aluminum Corporation (hereinafter "Conalco") and thus does not have the requisite contacts with Louisiana sufficient to establish personal jurisdiction over it in this matter. As such, the Court cannot exercise

---

[1] R. Docs. 75, 76.

1

personal jurisdiction over Lonza America based on the actions of Alusuisse or Conalco. Accordingly, Lonza America's motion to dismiss should likewise be granted.

- As to both Lonza Group and Lonza America, the District's contention that specific personal jurisdiction exists based on Lonza Group and Lonza America's "assumed obligations to indemnify and defend Alcoa and Reynolds for claims arising from environmental conditions on the subject immovable property"[2] is erroneous and misplaced because Lonza Group and Lonza America's alleged indemnity obligations contained in the Settlement Agreement to which the District refers are owed to Reynolds, not to the District.

Specific personal jurisdiction exists when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.[3] In other words, "[t]he non-resident's purposefully directed activities must be such that he could reasonably anticipate being haled into court in the forum state."[4] Louisiana courts have ruled that merely contracting with another party, including in a settlement agreement, is insufficient to establish specific personal jurisdiction.[5] This is because specific personal jurisdiction also requires a "sufficient nexus" between the cause of action and the defendant's contacts with the forum.[6] Accordingly, specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation."[7] That "sufficient nexus" is lacking

---

[2] R. Doc. 203 ¶9.
[3] *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001)).
[4] *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010).
[5] *Moncrief Oil Intern. Inc., v. OAO Gazprom*, 06-10552 (5th Cir. 03/12/2007); 481 F.3d 309*Georgia Mobile Dental, LLC v. Napper*, 2018 WL 6037527 *4 (M.D. La. 11/16/2018).
[6] *Clemens*, 615 F.3d at 378-79.
[7] *Monkton Ins. Svcs., Ltd. v. Ritter*, 768 F.3d 429, 432-33 (5th Cir. 2014) (quoting *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014)).

where, as here, the cause of action asserted by the District against Lonza is wholly separate and distinct from the third party claim asserted by Reynolds against Lonza.

The District has no allegations nor facts sufficient to establish specific personal jurisdiction based on either the actions of Lonza Group or Lonza America. Further, neither Lonza Group nor Lonza America have the requisite contacts with Louisiana sufficient to establish personal jurisdiction over it in this matter. As such, the Court cannot exercise jurisdiction over Lonza Group and Lonza America. Accordingly, Lonza Group and Lonza America's motion to dismiss should be granted.

## I.     BACKGROUND

Plaintiff, The District, filed suit against Reynolds Metal Company ("Reynolds") in this Court on September 5, 2017. (R. Doc. 1). In its Complaint, The District claims that Reynolds entered a lease with the District for certain property located in Calcasieu Parish, Louisiana ("Leased Premises"). (R. Doc. 1 at ¶5(D)). The District claims that Reynolds is obligated to restore the Leased Premises to its original condition under Article 2683, and is liable for damages sustained by The District as a result of Reynolds' failure to restore the Leased Premises. (R. Doc. 1 at ¶23-25).

On November 27, 2017, The District filed a First Amended Complaint adding Lonza Group as a defendant to this matter. (R. Doc. 12 at ¶1(C)). The District claimed that Lonza Group "[was] the successor at interest of Swiss Aluminum Ltd. a/k/a Alusuisse a/k/a Alusuisse Lonza Holding Ltd. ("Alusuisse")." (R. Doc. 12 at ¶7). The District alleged that Alusuisse was the parent corporation of Conalco, which held the lease to the Leased Premises prior to Reynolds, and which allegedly caused the damages complained of to the Leased Premises. (R. Doc. 12 at ¶8-22). The District did not plead any facts or provide any evidence to support their claim that Lonza Group is the successor-in-interest to Alusuisse. On May 4, 2018, Lonza Group filed a Motion to Dismiss

3

for Lack of Personal Jurisdiction.[8] This Court issued a January 23, 2019 Report and Recommendation granting Lonza's Motion to Dismiss for Lack of Personal Jurisdiction finding that the District "fail[ed] to establish the minimum contacts necessary to support the court's exercise of jurisdiction over its claims against Lonza Group."[9] This Court issued a Judgment on February 13, 2019 dismissing the District's claims against Lonza Group Ltd for lack of personal jurisdiction.[10]

On XXXX, Reynolds filed a Third-Party Complaint against Lonza Group and Lonza America seeking indemnification for the Article 2683 claim that the District had filed against Reynolds in the FAC, pursuant to the terms of a 2010 Settlement Agreement between them. The 2010 Settlement Agreement arose in an unrelated litigation to which the District was not a party.

On October 1, 2019, the Court granted summary judgment in favor of Reynolds and against Lonza Group and Lonza America, finding both obligated to defend and indemnify Reynolds from the Article 2683 claim asserted by the District.[11]

On January 28, 2021, the District filed a Second Amended, Supplemental, and Restated Complaint and Jury Demand adding Lonza Group (again) and Lonza America as defendants to its singular Article 2683 claim.[12] The District claimed that "[s]pecific personal jurisdiction exists as to Lonza America and Lonza Group based on their purposeful assumption of real obligations relating to the leases and immovable property at issue, and their appearance in this proceeding without objection as to jurisdiction in response to Reynolds' third-party demand arising from these

---

[8] R. Doc. 42.
[9] R. Doc. 75.
[10] R. Doc. 76.
[11] R. Docs. 144, 145.
[12] R. Doc. 203 at ¶¶ 5-6.

same obligations."[13] The District further claims that Lonza Group and Lonza America "succeeded to rights and obligations of Conalco with respect to the Facility and the District Lease Agreements through a series of complex transactions originating with a Swiss Company, Swiss Aluminum Ltd., which owned Conalco (via a domestic corporation)."[14] The District alleges that Alusuisse was the parent corporation of Conalco, which held the lease to the Leased Premises prior to Reynolds, and which allegedly caused the damages complained of to the Leased Premises. (R. Doc. 12 at ¶8-22). The District (again) does not plead any facts or provide any evidence to support their claim that Lonza Group or Lonza America is the successor-in-interest to Alusuisse or Conalco.

There is no basis for asserting personal jurisdiction over Lonza Group or Lonza America as to the District's claim. Neither Lonza Group nor Lonza America is the successor-in-interest to Alusuisse or Conalco, and neither has any connection to any lease or the claims made against it by The District. Further, Lonza Group and Lonza America's alleged indemnity obligations contained in the Settlement Agreement are owed to Reynolds, not the District. As such, Lonza Group and Lonza America urge this Honorable Court to grant its Motion to Dismiss for Lack of Personal Jurisdiction, dismissing The District's claims against them with prejudice.

## II.  LAW AND ARGUMENT

### a) Due Process Requirements.

The Due Process Clause "operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant."[15] The exercise of personal jurisdiction over

---

[13] R. Doc. 203 at ¶ 9.
[14] R. Doc. 203 at ¶23.
[15] *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 413–14, 104 S.Ct. 1868, 80 L. Ed. 2d 404 (1984).

a nonresident defendant comports with due process when a two-part test is satisfied: first, the defendant must have had certain minimum contacts with the forum state, and second, as a result of those contacts, the maintenance of the suit would not offend traditional notions of fair play and substantial justice.[16]

The "constitutional touchstone" of the inquiry to determine if personal jurisdiction can be exercised is whether the defendant "purposefully established minimum contacts in the forum State."[17] The "minimum contacts" can be established by showing either specific jurisdiction or general jurisdiction. Specific jurisdiction is established where the defendant has sufficient contacts with the forum state relating to the underlying controversy, while general jurisdiction is established when "the [defendant's] affiliations with the [forum] state are so continuous and systematic as to render them essentially at home in the forum state."[18] General jurisdiction over an out-of-state corporate defendant may be found absent a finding of specific jurisdiction only if the corporation's contacts are "sufficiently continuous and systematic as to render them essentially at home in the forum state."[19] In defining what it means to be "at home", the *Daimler* Court held that "with respect to a corporation, *the place of incorporation and principle place of business are paradigm…bases for general jurisdiction.*"[20] Only in an "exceptional case" would general personal jurisdiction lie

---

[16] U.S.C.A. Const. Amend. 14; La. Rev. Stat. 13:3201 *et seq. See also*, *Boatwright v. Metropolitan Life Ins. Co.,* 661 So.2d 169, 171 (La. App. 4 Cir. 1995)(*citing International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 (1945)); *de Reyes v. Marine Mgt. and Consulting,* 586 So.2d 103 (La. 1991).
[17] *Asahi Metal Ind. Co. v. Super. Ct.,* 480 U.S. 102, 108–09, 107 S.Ct. 1026, 94 L. Ed. 2d 92 (1987) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L. Ed. 2d 528 (1985)).
[18] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011).
[19] *Id.*; *see also Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (rejecting the notion that general jurisdiction is appropriate in every state in which a corporation engages in "substantial, continuous, and systematic course of business" as "unacceptably grasping").
[20] *Daimler*, 134 S. Ct. at 761-62 (2014) (emphasis added).

elsewhere than one of those two locations.[21] "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.' When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."[22]

      **b) Plaintiff's Conclusory Legal Statements are Not Entitled to Deference.**

"[O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists."[23] However, "while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.' On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation.'"[24] In *Ashcroft v. Iqbal,* the United States Supreme Court stated:

> **[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions**. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal

---

[21] *Daimler*, 134 S. Ct. at 761, n. 19 (2014).
[22] *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017).
[23] *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545–46 (5th Cir. 1985).
[24] *Valle v. Beauryne Builders LLC*, No. CV 17-274-SDD-RLB, 2018 WL 1463692, at *1 (M.D. La. Mar. 23, 2018)(emphasis added).

conclusion couched as a factual allegation."[25]

Whether one company is a successor-in-interest to another is a legal question.[26] Plaintiff's allegations against Lonza Group and Lonza America rely entirely on Plaintiff's incorrect assumption that Lonza Group and Lonza America are successors-in-interest to Alusuisse. Plaintiff is wrong. Neither Lonza Group nor Lonza America is successor-in-interest to Alusuisse, and neither has engaged in any activities in Louisiana which could subject them to the jurisdiction of this Court in respect of an Article 2683 claim. Moreover, as the question of whether or not Lonza Group or Lonza America is a successor-in-interest to Alusuisse is a **legal question**, Plaintiff's bald statements to that effect cannot be taken as true and should not be construed in Plaintiff's favor in deciding this Motion.

The District has not established nor alleged that Lonza Group or Lonza America had a real interest in the Leased Premises. In fact, the District has pleaded that Conalco, and not Lonza Group or Lonza America, sold the premises to Reynolds in 1983, some 16 years before Lonza Group was created. The District cannot, therefore, establish minimum contacts on the part of either Lonza entity.[27] Beyond Plaintiff's incorrect and unsupported allegation that Lonza Group and Lonza America are successors-in-interest to Alusuisse, there is nothing in Plaintiff's Second Amended Complaint to suggest that Lonza Group or Lonza America purposefully engaged in *any* activities in this State. Even when viewed in their most favorable light, Plaintiff's allegations against Lonza

---

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007))(internal citations omitted) (emphasis added). See also, *Carpenter v. Webre*, No. CV 17-808, 2018 WL 1453201, at *4 (E.D. La. Mar. 23, 2018)(quoting *Twombly* 550 U.S. at 570 (2007)) (T]he court does not accept as true legal conclusions or mere conclusory statements, and conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss).
[26] *Pichon v. Asbestos Defendants*, 2010-0570 (La. App. 4 Cir. 11/17/10), 52 So.3d 240, 242, *writ denied*, 2010-2771 (La. 2/4/11), 57 So.3d 317.
[27] *Landry v. Gibbens,* 95-0379 (La. App. 4 Cir. 11/16/95), 665 So. 2d 1176, 1178-9, *writ denied*, 96-0359 (La. 3/22/96), 669 So. 2d 1231.

Group and Lonza America do not provide *prima facie* evidence that Lonza Group or Lonza America directed any activities toward this State. Simply, there is insufficient basis to support the exercise of personal jurisdiction in Louisiana over Lonza Group (a Swiss company with no offices or other contacts with this State) or Lonza America (a Delaware Corporation and non-Louisiana principal place of business).

### c) General Jurisdiction is Not Alleged and Does Not Exist.

Plaintiff's Second Amended Complaint contains no allegations that general jurisdiction exists as to Lonza Group or Lonza America, nor does it exist. Lonza Group is a Swiss company organized and existing under the laws of Switzerland. (*See* April 16, 2018 Affidavit of Daniel Blattler, attached as Exhibit "A" at ¶¶3). Its legal domicile is located in Basel, Switzerland. (*Id*.). Lonza Group has never owned any real estate in Louisiana, has no employees in Louisiana, and has never had an office or mailing address in Louisiana. (Exhibit "A" at ¶¶5-7). Furthermore, Lonza Group has no corporate officers in Louisiana, is not registered to do business in Louisiana, and does not have a registered agent for service of process in Louisiana. (*Id*. at ¶¶4, 9).

Lonza America is incorporated under the laws of Delaware with a non-Louisiana principal place of business.

The *Daimler* test for an exceptional case is **not merely** "whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic.'"[28] It is "whether that corporation's 'affiliations with the state are so 'continuous and systematic' **as to render [it] essentially at home in the forum state… i.e. comparable to a domestic enterprise in that State**."[29] The test fails as to both Lonza entities.

---

[28] *Daimler*, 134 S. Ct. at 761 (2014).
[29] *Daimler*, 134 S. Ct. at 758, n. 11 (2014) (emphasis added).

9

Furthermore, the Supreme Court of the United States in *Daimler* expressly cautions against an expansive reading of what constitutes an "exceptional" case:

> [A] corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, "at home" would be synonymous with "doing business" tests framed before specific jurisdiction evolved in the United States.[30]

The single example cited in *Daimler* for what constitutes an exceptional case, *Perkins v. Benguiet Consolidated Mining Co.*,[31] is wholly inapposite to the circumstances of Lonza Group and Lonza America in this case. *Perkins* involved a foreign corporation that had completely relocated to the forum state during World War II: the president maintained his office there, the company files were located there, and the company was supervised from the forum state.[32] Under those defined and limited circumstances, the Supreme Court held that the forum state was the company's "principal, if temporary place of business."[33]

Following *Daimler*, numerous federal courts, including the United States Fifth Circuit Court of Appeals on two occasions, have observed that "it is incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."[34] Courts have found that because the paradigm bases for general jurisdiction are the place of incorporation and the principal place of business, "even a company's engagement in a substantial, continuous, and systematic course of business is alone insufficient to render it at home in a forum."[35]

---

[30] *Daimler*, 134 S.Ct. at 762, n. 20 (2014).
[31] *Perkins v. Benguiet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413 (1952).
[32] *Perkins*, 72 S.Ct. at 419 (1952).
[33] *Perkins*, 72 S.Ct. at 419 (1952).
[34] *Monkton Ins. Services Ltd. v. Ritter*, 768 F.3d 429, 432-33 (5th Cir. 2014); *Whitener v. Pliva, Inc.*, 606 F. App'x 762, 765 (5th Cir. 2015); *Carmouche v. Tamborlee Mgmt., Inc.,* 789 F.3d 1201, 1205 (11th Cir. 2015); *Sonera Holding V.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014); *Kipp v. Ski Enterprise Corporation of Wisconsin, Inc.*, 783 F.3d 695, 698 (7th Cir. 2015); *Jones v. ITT Systems Division*, 596 Fed. App'x. 662 (8th Cir. 2015).
[35] *Sonera Holding*, 750 F.3d 221, 225 (2d Cir. 2014).

Neither Lonza Group nor Lonza America has any contacts with Louisiana, let alone the "continuous and systematic" contacts required for assertion of general jurisdiction. As such, Plaintiff cannot satisfy the requirements of general jurisdiction in this matter.

### d) Specific Jurisdiction Does Not Exist.

Plaintiff cannot satisfy the requirements of specific jurisdiction as to Lonza Group or Lonza America. Specific jurisdiction arises only where the allegations in the case stem from the defendant's contacts with the chosen forum.[36] Because there must be an affiliation between the forum and the underlying controversy, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.[37]

There is a three-step analysis for the specific jurisdiction inquiry: (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[38] The "purposeful availment" requirement ensures that the nonresident defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, **or by the unilateral activity of another party or a third person**.[39]

---

[36] *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017).

[37] *Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prod., Inc.*, No. CV 17-2161, 2018 WL 1377608, at *4 (E.D. La. Mar. 19, 2018) (*citing Bristol-Myers*, 137 S.Ct. at 1780 (2017)).

[38] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (*quoting Nuovo Pignone, Spa v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002) (*citing Burger King*, 471 U.S. at 474, 105 S.Ct. 2174)).

[39] *A & L Energy, Inc. v. Pegasus Grp.*, 2000-3255 (La. 6/29/01), 791 So.2d 1266, 1271 (emphasis added).

In determining whether a defendant has the necessary minimum contacts, this Court must find that the Lonza's conduct shows that it "reasonably anticipates being haled into court" in Louisiana for an Article 2683 claim.[40] In defining when a potential defendant should "reasonably anticipate" out-of-state litigation, the Supreme Court of Louisiana has frequently drawn from the reasoning of *Hanson v. Denckla*: "**The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State**. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[41]

The Fifth Circuit has held that merely contracting with a resident of the forum state (Reynolds is not even a resident of Louisiana) is insufficient to subject the nonresident to the forum's jurisdiction.[42] Further, the Eastern District of Louisiana held that personal jurisdiction did not exist where a defendant's activity with the forum state included the negotiation of a settlement agreement.[43]

    i.    **Specific Jurisdiction Does not Exist as to Lonza Group or Lonza America.**

Lonza Group is a Swiss company organized and existing under the laws of Switzerland.[44] Its legal domicile is located in Basel, Switzerland.[45] Lonza Group has never owned any real estate

---

[40] *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006) (*citing World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L. Ed. 2d 490 (1980)).
[41] *Hanson v. Denkla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–1240, 2 L. Ed. 2d 1283 (1958) (emphasis added).
[42] *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986).
[43] *DNH, L.L.C. v. In-N-Out Burgers*, 318 F.Supp. 2d 559, 564-65 (E.D. La. 6/24/2005).
[44] *See* April 16, 2018 Affidavit of Daniel Blattler, attached as Exhibit "A" at ¶3.
[45] *Id*.

in Louisiana, has no employees in Louisiana, and has never had an office or mailing address in Louisiana.[46] Furthermore, Lonza Group has no corporate officers in Louisiana, is not registered to do business in Louisiana, and does not have a registered agent for service of process in Louisiana.[47]

Lonza America is incorporated under the laws of Delaware and has a non-Louisiana principal place of business.

The District's action against Reynolds for the restoration of property arises out of Louisiana Civil Code article 2683 and does not have anything to do with Lonza Group or Lonza America's Settlement Agreement with Reynolds. Merely contracting with a resident of the forum state (Reynolds is not a resident of the forum state) does not establish minimum contacts[48] and neither Lonza Group nor Lonza America could have foreseen being haled into a Louisiana Court by the District for the District's wholly unrelated allegations against Reynolds pursuant to La. C.C. art. 2683.

Unlike the District's direct claims against Lonza Group and Lonza America, *Joseph v. Apache Stainless Equipment Corp.*[49] involved a claim by direct defendant, Apache, against third-party defendant, Henebry. The court found personal jurisdiction proper in that case because the claims arose from the indemnity agreement between Apache and Henebry and the relationship between the indemnitor and indemnitee. This relationship does not exist between the District and either Lonza Group or Lonza America. Further, by its terms, to the Settlement Agreement between Reynolds and Lonza. *Abel v. Montgomery Ward Co., Inc.*[50] is likewise inapposite. The court

---

[46] *See* April 16, 2018 Affidavit of Daniel Blattler, attached as Exhibit "A" at ¶¶5-7.
[47] *Id*. at ¶¶4, 9.
[48] *Moncrief Oil Intern. Inc., v. OAO Gazprom*, 06-10552 (5th Cir. 03/12/2007); 481 F.3d 309. *Georgia Mobile Dental, LLC v. Napper*, 2018 WL 6037527 *4 (M.D. La. 11/16/2018).
[49] *Joseph v. Apache Stainless Equipment Corp.*, 1999 WL 301703 (E.D. May 11, 1999).
[50] *Abel v. Montgomery Ward Co., Inc.,* 798 F.Supp. 322, 325-326 (E.D. Va. 1992).

determined that the foreign bicycle manufacturer in that case knew its bicycles would be resold throughout the United States, received revenue from the resales, and furnished warranties and instructions upon which it could reasonably expect consumers such as the plaintiff to rely.[51] None of these factors obtain in this case.

The minimum contacts requirement has not been satisfied as to Lonza Group or Lonza America, nor can it be based on the facts of this case.

### e) The Exercise of Jurisdiction Would be Unfair and Unjust.

The Court should decline to exercise personal jurisdiction over Lonza Group and Lonza America as to the District's singular claim because to do so would offend traditional notions of fair play and substantial justice.[52] In determining whether to exercise jurisdiction, courts must weigh the burden on the nonresident defendant of defending an action in Louisiana against the interests of the state and the judicial system in adjudicating the dispute.[53] Other considerations include the unique burdens placed upon the defendant who must defend himself in a foreign legal system,[54] and the determination must be made in light of the "quality, nature, and extent" of any activity in Louisiana by the nonresident defendant.[55] The factors weigh heavily against the exercise of personal jurisdiction over Lonza Group and Lonza America. The burden of litigating this case in Louisiana would be substantial as Lonza Group and all of its officers and employees are located in Switzerland.[56] Similarly, Lonza America and all of its officers and employees are located outside of Louisiana. The burden of this conclusion is buttressed by the "quality, nature, and

---

[51] *Id.* At 325.
[52] *Burger King,* 471 U.S. at 474-75 (1985).
[53] *Frisella v. Transoceanic Cable Ship Co.,* 181 F. Supp. 2d 644, 647 (E.D. La. 2002).
[54] *Asahi,* 480 U.S. at 114-15 (1987).
[55] *Growden v. Ed Bowlin & Assocs.,* 733 F.2d 1149, 1151 n.1 (5th Cir. 1984).
[56] Exhibit "A" at ¶4.

extent" of Lonza Group and Lonza America's activities in Louisiana, which are wholly non-existent. Accordingly, the Court should decline to exercise personal jurisdiction over Lonza Group and Lonza America in this case.

### f) Plaintiff Has Failed to Meet Its Burden.

"There is no such thing as supplemental specific personal jurisdiction; if separate claims are pled, specific personal jurisdiction must independently exist for each claim and the existence of personal jurisdiction for one claim will not provide the basis for another claim."[57] The District, as the party asserting jurisdiction, has the burden to show minimum contacts.[58] The District also has the burden of demonstrating specific jurisdiction for each claim asserted against the nonresident defendants.[59] Unless the facts presented to the Court are sufficient to affirmatively show a basis for personal jurisdiction, the action should be dismissed.[60] Here, the District has not pleaded sufficient facts or made a *prima facie* showing that Lonza Group or Lonza America has minimum contacts with the State of Louisiana. The District also has not met its burden of showing that Lonza Group or Lonza America engaged in any activity by which they purposefully availed themselves of the privilege of conducting activities within this State, thereby invoking the benefits and protections of this State's law.

---

[57] 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1351, at 299 n.30 (2004)
[58] *de Reyes,* 586 So.2d at 107.
[59] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193 (5th Cir. 2016). *See also*, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1351, at 299 n.30 (2004) ("").
[60] *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir. 1994).

### III. CONCLUSION

For the foregoing reasons, Lonza Group Ltd and Lonza America Inc. respectfully request that this Court dismiss the District's Article 2683 claim against them for lack of personal jurisdiction, with prejudice.

Respectfully submitted,

**COSMICH SIMMONS & BROWN, PLLC**

/s/ *Jason K. Elam*
FORREST REN WILKES (LSBA NO. 22897)
JASON K. ELAM (LSBA NO. 34533)
650 Poydras Street, Suite 2215
New Orleans, Louisiana 70130
Telephone: (504) 262-0040
Facsimile: (504) 262-0041

***Attorneys for Lonza Group Ltd and Lonza America Inc.***

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing was electronically filed with the Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, on this 23rd day of April 2021.

/s/*Jason K. Elam*
**Jason K. Elam**