UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LAKE CHARLES HARBOR & TERMINAL DISTRICT** | **CASE NO. 2:17-CV-01114** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **REYNOLDS METAL CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Lonza Group Ltd and Lonza America Inc.'s Motion to Stay Case Pending Louisiana Supreme Court Ruling in Lexington Land Development, L.L.C. v. Chevron Pipeline Company" (Doc. 256); also before the Court is "Lonza Group Ltd and Lonza America Inc.'s Motion for Status Conference" (Doc. 257).

Lonza Group Ltd. and Lonza America Inc. (collectively referred to as "Lonza") request that his Court stay all activity in this matter pending the Louisiana Supreme Court's Ruling on an Application for Writs of Certiorari and Review in *Lexington Land Development v. Chevron Pipeline Company,* 2020-622, p. 16 (La.App. 1 Cir. 5/25/2021), *writs applied for,* 2021-1194 (08/12/2021) which was filed on August 12, 2021. According to Lonza, the *Writ Application* seeks review of the Louisiana First Circuit Court of Appeal's ruling that (1) Lexington Land Development's Louisiana Civil Code article 2683 claim was subject to a one-year prescriptive period, and (2) upholding the district court's grant of a summary judgment in favor of defendant, Chevron as to plaintiff's Louisiana Civil Code article 2683 claim. Lake Charles Harbor & Terminal District (the "District") opposes the stay and Reynolds Metal Company ("Reynolds") consents to the stay.

As noted by Lonza, here, there is a pending Motion for Summary Judgment which maintains that the District's claims under Louisiana Civil Code article 2683 are prescribed. Lonza moves to stay any pending motions and suspend any deadlines until the Louisiana Supreme Court rules on the above-mentioned *Writ Application.*

The District suggests that Lonza has materially misrepresented the First Circuit ruling in *Lexington Land Dev., L.L.C.,* ___So.3d___, 2021 WL 210932, *reh'g denied* (July 13, 2021). The District contends that the state trial judge departed from well-established law that Article 2683(3) claims prescribe in ten (10) years without citing law in support of its opinion. The District informs the Court that "**the First Circuit expressly '[p]retermitt[ed] the soundness of the trial court's stated reasons and basis for its ruling' regarding Article 2683(3) and affirmed the grant of summary judgment on other grounds.**"[1] *Lexington Land,* 2021 WL 2102932 at *14 (emphasis added). The First Circuit held that Lexington had no right to sue defendants based on assignments obtained from mineral servitude owners after the mineral and surface leases expired (citing *Global Marketing Solutions, L.L.C. v. Blue Mill Farms, Inc.,* 153 So.3d 1209, 1216 (La.App. 1 Cir. 9/19/14) .

"A district court has broad discretion to stay proceedings and to control its docket in order to promote 'economy of time and effort for itself, for counsel, and for litigants.'" *Hungerford v. Smith & Nephew, Inc.,* 2016 WL 4499461, at *1 (W.D. La. Aug. 23, 2016) (quoting *Landis v. N.Am.Co.,* 299 U.S. 248, 254 (1936)). "The moving party must show a

---

[1] Plaintiff's opposition to Motion to Stay, p. 2, Doc. 259.

clear case of hardship or inequity in being required to proceed if there is even a fair possibility that the stay would harm another Party," and "such considerations 'are counsels of moderation rather than limitations upon power.'" *Id.* (quoting *Landis,* 299 U.S. at 255).

The Court notes that this case is now approximately four (4) years old, and Plaintiff has an interest in having it fully and expeditiously adjudicated. Furthermore, this Court is quite capable of reviewing and interpreting the law on prescriptive issues. Finally, the Court finds that Lonza has failed to show a "clear case of hardship or inequity."

Accordingly,

**IT IS ORDERED** that Lonza Group Ltd and Lonza America Inc.'s Motion to Stay Case Pending Louisiana Supreme Court Ruling in Lexington Land Development, L.L.C. v. Chevron Pipeline Company (Doc. 256) is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Lonza Group Ltd and Lonza America Inc.'s Motion for Status Conference (Doc. 257) is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 2nd day of September, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**