UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LAKE CHARLES HARBOR & TERMINAL DISTRICT** | **CASE NO. 2:17-CV-01114** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **REYNOLDS METAL CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Lonza Group LTD and Lonza America Inc.'s Motion for Summary Judgment" (Doc. 250) wherein Defendants move to dismiss Plaintiff, Lake Charles Harbor & Terminal District's (the "District") claims based on a one-year prescriptive period.

## FACTUAL STATEMENT

The District and Defendant Reynolds Metal Company ("Reynolds") entered into a "Partial Release of Leased Property" ("Partial Release") with an effective date of March 31, 2016. The Partial Release was executed by the District on May 5, 2016, and by Reynolds on July 20, 2016.[1] Previously, on September 29, 2011, the District received a copy of the Lonza/Reynolds Settlement Agreement.[2]

On September 5, 2017, the District filed its Complaint against Reynolds seeking restoration of the solid waste landfill ("SWL") to its original condition pursuant to Louisiana Civil Code article 2683.[3] On January 28, 2021, the District filed a Second

---
[1] Doc. 4, Exhibit D.
[2] Doc. 203, ¶ 40.
[3] Doc. 1.

Amended, Supplemental, and Restated Complaint and Jury Demand against Lonza Group Ltd, and Lonza America Inc., ("Lonza"), Consolidated Aluminum Corporation, Reynolds, and Howmet Aerospace Inc. f/k/a Arconic Inc. f/k/a Alcoa Inc. seeking 2683 restoration of the SWL.[4]

By no later than September 29, 2011, the District knew of its prior lessees' involvement in the SWL through its receipt of the Lonza/Reynolds Settlement Agreement. "[A]s of receiving that document, the District acquired knowledge which, if pursued, would have revealed the existence of environmental damage on its property."

## **SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the

---

[4] Doc. 203.

nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Lonza maintains that the District's Louisiana Civil Code article 2683 claim against it, Reynolds, and Howmet for the restoration of property is a delictual action, subject to a one-year prescription period. Louisiana Civil Code articles 3492 and 3493. To support its position, Lonza relies on *Lexington Land v. Chevron Pipeline Co.*, __ So.3d __, 2021 WL 2102932, *reh'g denied* (July 13, 2021).

Lonza argues that the District's cause of action is not contractual merely because of its contractual relationship and maintains that the District's action is delictual in nature and thus subject to a one-year prescriptive period pursuant Louisiana Civil Code articles 3492 and 3493. As noted by the District, the appellate court in *Lexington* court "[p]retermitt[ed]

the soundness of the trial court's stated reasons and basis for its ruling" and dismissed the plaintiff's claims for reasons other than prescription.

The District relies on Louisiana jurisprudence which it argues holds that a claim under Article 2683(3) is an implied obligation of a lease contract arising at lease termination and thus subject to a ten-year prescriptive period. *Marin v. Exxon Mobil Corp.,* 48 So.3d 234, 255-56 (La. 10/19/10); *State v. Louisiana Land & Expl. Co.,* 110 So.3d 1038, 1046 (La. 1/30/13). See also *Naquin v. Bollinger Shipyards, Inc.,* 102 So.3d 875, 878 (La. App. 1 Cir. 9/7/17); *Crooks v. Louisiana Pacific Corp.,* 155 So.3d 686, 688 (La.App. 3 Cir. 12/10/14); *Walton v. Exxon Mobil Corp.,* 162 So.3d 490, 496 (La.App. 2 Cir. 2/26/15); *Broussard v. Martin Operating Partnership,* 103 so.3d 713, 734 (La.App. 3 Cir. 11/21/12).

Both the District and Lonza rely on *DePhillips v. Hosp. Serv. Dist. No. 1 of Tangipahoa Par.,* __ So.3d __, 2020 WL 3867212, (La. 7/9/20), *reh'g denied,* (La. 9/9/20); the District relies on *DePhillips* to support its argument that Louisiana Civil Code article 2683(3) is governed by a ten-year prescriptive period. In *DePhillips,* the Louisiana Supreme Court explained that courts "must examine the nature of the duty breached in order to determine whether the action is 'contractual,' falling within article 3499, or 'delictual,' falling within article 3492." *DePhillips,* 2020 WL 3867212, at *3. "The classic distinction between damages ex contractu and damages ex delicto is that the former flow from the breach of a special obligation contractually assumed by the obligor, where the latter flow from the violation of a general duty owed to all persons." *Id.*

Lonza relies on the *DePhillips* decision to support its position that Louisiana Civil Code article 2683(3) is an obligation that is a general duty owed to all persons, and thus subject to a one-year prescriptive period due to its delictual nature.

The Court finds that the District's claim pursuant to Louisiana Civil Code article 26836(3) is a special obligation contractually assumed by the obligor, and therefore is personal and contractual in nature. Consequently, Louisiana Civil Code article 3499 applies and is a personal action subject to a liberative prescription of ten years.

## **CONCLUSION**

For the reasons set forth above, the Motion for Summary Judgment will be denied.

**THUS DONE AND SIGNED** in Chambers on this 28th day of October, 2021.

                                                  _____
                                                         **JAMES D. CAIN, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**