UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LAKE CHARLES HARBOR & TERMINAL DISTRICT**

**CASE NO. 2:17-CV-01114**

**VERSUS**

**JUDGE JAMES D. CAIN, JR.**

**REYNOLDS METALS CO**

**MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the Court is "Howmet Aerospace Inc.'s Motion for Summary Judgment" (Doc. 333). Howmet Aerospace Inc. f/k/a Arconic Inc., f/k/a Alcoa Inc. ("Howmet")[1] moves for summary judgment and argues that it is not a proper defendant to this suit. Howmet maintains that it should be dismissed because it has never been a party to the leases that form the basis of the Lake Charles Harbor & Terminal District's (the "District") claim for restoration of a solid waste landfill (the "SWL") pursuant to Louisiana Civil Code Article 2683. Howmet further maintains that it is not a successor-in-interest to any lessee of the subject property and thus has no obligation to the District under Article 2683.

### FACTUAL STATEMENT

The instant lawsuit involves a SWL that was closed prior to November 30, 1983. The Louisiana Department of Environmental Quality ("LDEQ") identified areas of concern which included the SWL concerning hazardous materials. The District has filed this lawsuit against Defendants to restore the property back to its original condition, less wear and tear,

---

[1] On or about November 1, 2016, Alcoa Inc. changed its name to Arconic Inc., and on or about April 1, 2020, Arconic Inc. changed its name to Howmet. Howmet's opposition, pp. 203, Doc. 33301; Declaration of Scott E. Seewald, Doc. 276-1.

pursuant to Louisiana Civil Code article 2683. The District has named Howmet as one of the parties responsible for that restoration. For a more detailed factual statement, see the Memorandum Ruling at Record Document 144.

In its Statement of Material Facts, Howmet asserts that it has never been a party to any of the leases of the property on which the SWL is located, and which are at issue in this suit.[2] The District disputes this and contends that Alcoa, Inc. (now Howmet) has previously admitted its status as lessee, along with Reynolds Metals Company, LLC.[3]

Howmet asserts that Reynolds Metals Company, LLC ("Reynolds") is neither owned by nor a subsidiary of Howmet.[4] The District disputes this and submits summary judgment evidence that Alcoa, Inc. succeeded to the rights and obligations of Reynolds with respect to the Facility.[5]

Howmet asserts that it is not the successor-in-interest to Reynolos or any other party to any of the leases of the property on which the SWL is located, and which are at issue in this suit.[6] The District disputes this and submits evidence that Alcoa has admitted that it succeeded to the rights and obligations of Reynolds with respect to the Facility.[7]

---

[2] See Underlying Lease Agreement, p. 1, Doc. 254.4; Agreement of Lease, p.1, Doc. 354-6; Agreement, p. 1, Doc. 254-7; Agreement of Assignment, Assumption, Release and Amendment, Doc. 254-10; 1983 Amended and Restated Underlying Lease Agreement, p. 1, Doc. 254-11; and Partial release of Leased Property, p. 2, Doc. 254-13.
[3] Plaintiff's exhibit A; See also Settlement Agreement, Doc. 254-16; Alcoa's Motion for Summary Judgment, Doc. 232-5; District's Demand Letter, Doc. 254-17; Plaintiff's exhibit B, Alcoa's Fourth Amended Counterclaim from prior litigation, Middle District of Louisiana; and Plaintiff's exhibit C, Deposition of Philip Blair.
[4] Declaration of Marissa P. Earnest, ¶ 6, Doc. 276-2; see also Declaration of Scott E. Seewald, ¶¶ 5-7, Doc. 276-1.
[5] Plaintiff's exhibit B, and *Consolidated Aluminum Corp. v. Alcoa Inc. and Reynolds Metals Co.*, Civil Action 03-CV-1055 (M.D. La.) at Doc. 3 (Original Counterclaim), Doc. 48 (First Amended Counterclaim), Doc. 104 (Second amended Counterclaim), and Doc. 199 (Third Amended Counterclaim).
[6] Declaration of Marissa P. Earnest, ¶ 6Doc. 276-2; Declaration of Seewald, ¶¶ 5–7, Doc. 276-1.
[7] Plaintiff's exhibit B, Alcoa's Fourth Amended Counterclaim from the prior litigation in the Middle District of Louisiana; *See also Consolidated Aluminum Corp. v. Alcoa Inc. and Reynolds, Metals Co.,* Civil Action 03-CV-1055, (M.D. La.) at Doc. 3 (Original counterclaim) Doc. 48 (First Amended Counterclaim) Doc. 104 (second mended Counterclaim), and Doc. 199 (Third Amended Counterclaim).

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Howmet contends that because it was not a party to the relevant leases, *see e.g.*, *Robinson v. North American Royalties, Inc.*, 509 So.2d 679 (La.App. 3d Cir. 5/13/87), nor is it a successor-in-interest to the lessee, *Id.,* it has no obligation under Article 2683. Howmet submits the following in support:

- The parties to the 1967 Underlying Lease and 1870 Agreement of Lease were the district and Gulf Coast Aluminum Corporation ("Gulf Coast"), and, later, Gulf Coast's successor-in-interest, Consolidated Aluminum Corporation ("Consolidated");[8]

- The parties to the 1976 Agreement were the District and Consolidated, as successor-in-interest to Gulf Coast;[9]

- The parties to the 1983 Agreement of Assignment, Assumption, Release and Amendment were the District, Consolidated and Reynolds Metals Company;[10]

- The parties to the 1983 Amended and Restated Underlying Lease Agreement were the District and Reynolds Metals Company;[11]

- The parties to the 2016 Partial Release of Leased Property were the District and Reynolds Metals Company.[12]

Howmet argues that because it was never a party to the leases, nor was it a successor-in-interest to any of the leases, it has no liability for the claim alleged by the District.

---

[8] Underlying Lease Agreement, p. 1, Doc. 254-4; 1970 Agreement of Lease, p. 1, Doc. 254-6.
[9] 1976 Agreement, p. 1, Doc. 254-7.
[10] Agreement of Assignments, Assumption, Release and Amendment, p.1, Doc. 254-10.
[11] 1983Amended and Restated Underlying Lease Agreement, p. 1, doc. 254-11.
[12] 2016 Partial Release of Leased Property, p. 2, Doc. 254-13.

The District disputes Howmet's assertions and contends that Howmet should be estopped from denying same by it prior admissions and because Article 2683(3) is subject to the rules governing solidary liability, thus all obligors are responsible for restoration. Specifically, the District relies on the Settlement Agreement wherein Alcoa defined itself as "Alcoa Inc. and Reynolds Metals Company," and recited that "Alcoa is the owner and/or lessee of that certain Property, which was purchased and/or assigned from Lonza pursuant to a Purchase Agreement … dated as of Nov. 30, 1983."[13]

In Alcoa's Motion for Summary Judgment against Lonza, Alcoa stated as an uncontested material fact that "[a]t the time of the Prior Litigation [2003-2010], Reynolds and Howmet were the lessees of the Leased Property and owners of the Facility."[14] The District further notes that Alcoa and the District negotiated the release of the land upon which the SWL is located.[15]

In prior litigation involving the SWL, Alcoa and Reynolds admit in its counterclaim that "Alcoa has succeeded to the rights and obligations of Reynolds with respect to the Facility."[16] Finally, the District submits the deposition testimony of former facility superintendent and plant manager, Philip Blair, who described his employment at the Facility from when he began in 1969 with Gulf Coast, to his "retire[ment] from Alcoa" in August 2003.[17]

---

[13] Settlement Agreement, Doc. 254-16.
[14] Doc. 232-5, ¶ 14.
[15] Doc. 254-17.
[16] Plaintiff's exhibit B, ¶ 17, *Fourth Amended Answer, Affirmative Defenses and Counterclaim of Defendant Alcoa Inc.*; *see also Consolidated Aluminum Corp. v. Alcoa Inc. and Reynolds Metals Co.*, Civil Action 03-CV-1055, (M.D. La.) at Doc. 3 (Original counterclaim) Doc. 48 (First Amended Counterclaim) Doc. 104 (second mended Counterclaim), and Doc. 199 (Third Amended Counterclaim).
[17] Defendant's exhibit C, Blair depo., pp. 7, 64.

Next, the District argues that because Alcoa (now Howmet) has intertwined its identity as lessee and/or successor-in-interest to Reynolds under the Lease Agreements (discussed herein), Alcoa is a solidary obligor for purposes of the District's Article 2683(3) claim.[18]

The Court finds that the District has submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial concerning Howmet's status as a lessee.

## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment will be denied.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of March, 2022.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[18] The District has a pending Motion for Summary Judgment (Doc. 254) wherein the Court will address the issues of solidary liability.