UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

LAKE CHARLES HARBOR &                 CASE NO.  2:17-CV-01114
TERMINAL DISTRICT

VERSUS                                JUDGE JAMES D. CAIN, JR.

REYNOLDS METAL CO                     MAGISTRATE JUDGE KAY

<u>MEMORANDUM RULING</u>

Before the Court is "Lonza Group LTD and Lonza America Inc.'s Motion for
Summary Judgment Re Prescription and the Absence of Obligation to Remove the Solid
Waste Landfill Under the November 30, 1983 Lease" (Doc. 334) wherein Lonza requests
that the Court enter summary judgment in its favor regarding the restoration of the leased
premises pursuant to Louisiana Civil Code Article 2683.  Lonza maintains that: (1) the
claims of the Lake Charles Harbor & Terminal District (the "District") are prescribed; (2)
the District has no Article 2683 claim because the Solid Waste Landfill ("SWL") was
already in existence when Reynolds executed the November 30,1983 Lease; and (3) the
November 30, 1983 Lease expressly released Reynolds from any obligation to remove the
SWL.

<u>FACTUAL STATEMENT</u>

On September 1, 1967, the District and Gulf Coast Aluminum ("Gulf Coast")
entered into a lease agreement ("1967 Lease") whereby Gulf Coast would build and operate

an aluminum manufacturing facility on a portion of the property ("Leased Property").[1] On July 1, 1970, the District and Consolidated Aluminum ("Consolidated") entered into an agreement ("1970 Lease") whereby Consolidated, the successor to Gulf Coast leased additional property.[2] On that same day Consolidated leased an additional 9.37-acre tract previously leased to Gulf Coast in the Underlying Lease Agreement. On July 14, 1976, the District and Consolidated entered an agreement (the "1976 Lease") whereby Consolidated returned some of the land under the 1970 Lease.

Between 1967 and 1983, Gulf Coast and later Consolidated, owned and operated the aluminum facility on the Leased Premises and the SWL. Consolidated closed the SWL in accordance with the LDEQ/LDNR rules and regulations prior to November 30, 1983; the SWL was officially closed on August 1, 1984.[3] The district was not a party to the proceeding with the LDEQ or LDNR and is unaware of when the SWL was closed.

On November 30, 1983, the District, Reynolds Metal Company ("Reynolds") and Consolidated entered into an Agreement of Assignment, Assumption, Release and Amendment (the "Reynolds Assignment").[4] The District and Reynolds entered into a Partial Release of Leased Property ("Partial Release") effective March 31, 2016, and executed by the District on May 5, 2016, and by Reynolds on July 20, 2016.[5] The instant lawsuit was filed September 5, 2017.

---

[1] Doc. 4, exhibit A.
[2] Doc. 254-6; Doc. 254-13, ¶ 2.
[3] Doc. 254-12; On September 18, 1984, Reynolds filed a Notice of Closure of SWL.
[4] Docs. 254-11; doc. 254-10; Doc. 254-4.
[5] Doc. 4, Exhibit D.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Lonza maintains that the District's claims are subject to a one-year prescriptive period despite this Court's ruling based on substantial Louisiana jurisprudence that the District's claims are subject to a ten-year prescriptive period.[6] The Court reject's Lonza's attempt to have the Court reconsider and vacate its prior ruling.

In the alternative, Lonza maintains that the District's claims are prescribed under the ten-year prescriptive period. Lonza argues that Consolidated's (now Lonza) obligation to restore property where the SWL is located arose on November 30, 1983, when Reynolds and the District executed the Reynolds Assignment; Lonza argues that the Reynolds Assignment released Consolidated from any obligation to restore under Louisiana Civil Code Article 2683 because the District's ten-year prescriptive period commenced on November 30, 1983. In summation, Lonza maintains that either (1) the District released Consolidated from the obligation to restore, or (2) assuming arguendo the District did not release Consolidated from this obligation, it prescribed ten years after Consolidated exited the Lease on November 30, 1983.

The Reynolds Assignment provides that

> Reynolds has agreed to … assume all of Consolidated's liabilities and obligations under the District lease (except for liabilities and obligations arising thereunder prior to the date hereof which remain undischarged) …"[7]

Lonza then argues that the 1983 Lease between the District and Reynolds is a new lease which restated and terminated the District's prior Leases with Consolidated on November 30,

---

[6] Memorandum Ruling, Doc. 293.
[7] Doc. 4, exhibit C.

1983.  Lonza posits that because the 1983 Lease was a new lease, the termination of the prior lease commenced the running of the prescriptive period for the District's 2683 claim for restoration to 1967 conditions.

The District argues that its claim for restoration is an implied obligation which did not arise until the termination of the lease in 2016 and that the ten-year prescriptive applies.  The Court agrees with the District. The Court finds that for the reasons set forth in the Memorandum Ruling addressing the Lake Charles Harbor & Terminal District's Motion for Partial Summary Judgment on the Issues of Solidary Liability and Restoration Obligations Pursuant to Civile Code Article 2683,[8]  the 1983 Lease is not a new lease but is a continuation of the previous lease, and the ten-year prescriptive period applies. Moreover, because the 1983 Lease is not a new lease, but a continuation of the 1967 Lease, and the District is seeking 2683 claims for restoration, the claim could not be brought until termination of the lease in 2016. *See Marin v. Exxon Mobil Corp.*, 48 So.3d 234, 256 (La. 10/19/10); ("La. C.C. article 2683 contains obligations that only arise at the end of the lease, i.e., 'to return the thing at the end of the lease in a condition…'") The Court finds that the District's claims are timely.

Finally, Lonza suggests that the SWL is an "other improvement" and that the 1983 expressly released Reynolds from any obligation to remove it.[9]  The Court finds no merit to Lonza's argument that the 1983 Lease released Reynolds from having to remove the SWL because it was an improvement. *See, e.g., Waste Mgmt. of Cent. Louisiana v. Beall*, 880 So.2d 923, 931 (La.App. 3rd Cir. 8/4/04), *writ denied*, 889 So.2d 269. ("The mass of garbage steadily increasing

---

[8] Doc. 254.
[9] Lonza refers the Court to Article VIII, § 2 of the 1983 Lease which basically states that Reynolds is not obligated to remove "other improvements."

[in a landfill] is perhaps an 'alteration' in appearance, but not in any other way, and surely it is not an 'improvement.'" (emphasis added)).

## **CONCLUSION**

For the reasons stated herein, and also in the Court's Ruling on the Lake Charles Harbor & Terminal District's Motion for Partial Summary Judgment on the Issues of Solidary Liability and Restoration Obligations Pursuant to Civil Code Article 2683,[10] Lonza's Motion for Summary Judgment Re Prescription and the Absence of Obligation to Remove the Solid Waste Landfill Under the November 30, 1983 Lease" (Doc. 334) will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 9th day of March, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[10] *Id.*