UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LAKE CHARLES HARBOR & TERMINAL DISTRICT**

**CASE NO. 2:17-CV-01114**

**VERSUS**

**JUDGE JAMES D. CAIN, JR.**

**REYNOLDS METAL CO**

**MAGISTRATE JUDGE KAY**

### MEMORANDUM ORDER

Before the Court is a "Motion *in Limine* to Exclude and/or Limit the Testimony of Brian Derry" (Doc. 355) wherein Plaintiff, Lake Charles Harbor & Terminal District (the "District) moves to exclude and/or limit the testimony of Brian Derry. The District maintains that Mr. Derry is not qualified and/or is based upon methodologies that are impermissible under Federal Rule of Evidence Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 2796-97 (1993).

### INTRODUCTION

In this lawsuit, the District seeks to have the Defendants remove the subject solid waste landfill ("SWL") and return the property to its pre-1967 condition. The District has retained expert, Jason Sills, who has testified as to the estimated cost of removal of the SWL. Lonza has retained its own expert, Brian Derry, to review, comment on, and rebut ICON and Jason Sill's report and conclusions. The District now moves to exclude Mr. Derry's report and testimony.

## **LEGAL STANDARD**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Rule 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) The testimony is based on sufficient facts or data;

(c) The testimony is the product of reliable principles and methods; and

(d) The expert has reliably applied the principles and methods to the facts of the case.

The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993), provides the analytical framework to determine whether expert testimony (either scientific or nonscientific) is admissible under Rule 702. The *Daubert* framework requires trial courts to make a preliminary assessment of whether the expert is qualified, and whether the anticipated testimony is both reliable and relevant *Kumho Tire Company v. Carmichael,* 526 U.S. 137 (1999).

Under *Daubert*, courts determine the reliability of expert testimony by assessing whether the reasoning and/or methodology underlying the testimony is scientifically valid, and employ a number of non-exclusive factors in the reliability analysis, including: (1) whether the technique at issue has been tested; (2) whether the technique has been subjected to peer review and publication; (3) the potential error rate; (4) the existence and

maintenance of standards controlling the technique's operation; and (5) whether the technique is generally accepted in the relevant scientific community. *Daubert*, 509 U.S. at 593-95; *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347 (5th Cir. 2007), *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577 (5th Cir. 2004); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661 (5th Cir. 1999).

A court's reliability inquiry must remain flexible, however, as the factors enumerated in *Daubert* may or may not be pertinent in assessing reliability, depending upon the nature of the issue, the expert's particular expertise, and the subject of his testimony. *Kumho*, (*supra)*. Courts have discretion to consider other factors they deem relevant and have considerable leeway in determining how to test an expert's reliability. *Guy v. Crown Equipment Corp.*, 394 F.3d 320 (5th Cir. 2004); *Runnels v. Tex. Children's Hosp. Select Plan*, 167 Fed. Appx. 377 (5th Cir. 2006). Within this framework, however, *Daubert* cautions that "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Daubert*, 509 U.S. at 596.

## LAW AND ANALYSIS

Defendants Lonza Group Ltd and Lonza America Inc. ("Lonza") have retained expert Mr. Derry to review, comment on, and rebut the report and conclusions of the District's expert, Jason Sills, which estimates the cost of removal of the Solid Waste Landfill ("SWL") to be $123,059,119.50. Mr. Derry opines that in the event the SWL does have to be removed in its entirety, the actual estimated cost is not greater than $63,958.75. The District argues that Mr. Derry lacks knowledge, skill, and experience relevant to this case and that his conclusions are not based on sufficient facts and data.

Specifically, the District asserts that Mr. Derry has no opinion about the elevation or use of the property at the beginning of the 1967 lease or whether the law or the lease required the contents of the SWL. The District complains that Mr. Derry did not do any investigation into how many samples would be necessary to characterize the waste in the landfill for disposal cost purposes. The District also complains that Mr. Derry did not rely on published literature to form his opinion, only his own experience. The District further complains that Mr. Derry's testimony bolsters the District's expert's (ICON) conclusions and cost estimates.

Mr. Derry is the Vice President and Principal at EnSafe Inc., an environmental consulting firm that employs approximately 300 people. He has been an environmental consultant and construction manager since 1993 and has over 28 years of environmental remediation experience. For the last eight (8) years, he has managed EnSafe's remedial construction group where his focus is construction management and waste transportation and disposal.[1]

Lonza explains that Mr. Derry reviewed the data and analysis of the testing performed by GeoSyntec and ICON and the deposition and affidavit of Philip Blair.[2] Lonza asserts that Mr. Derry's conclusions and opinions are based on his over 28 years of experience, expertise, and the specialized knowledge he gained in the field of environmental consulting.

---

[1] Defendants' exhibit A.
[2] Defendants' exhibit D, deposition of Philip Blair; Defendants' exhibit E, Affidavit of Philip Blair.

Lonza remarks that Mr. Derry will testify that ICON and Jason Sills made a mistake and mischaracterized the volume of the waste in the SWL and overestimated the cost of removal and disposal. Lonza argues that Mr. Derry's testimony is necessary to challenge ICON's estimate.

The Court finds that the District has failed to establish that Mr. Derry is not qualified to testify and opine as to the removal and disposal of waste in the SWL. Accordingly

**IT IS ORDERED** that the Motion *in Limine* to Exclude and/or Limit the Testimony of Brian Derry (Doc. 355) filed by Lake Charles Harbor & Terminal District is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 21st day of March 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**