UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LAKE CHARLES HARBOR & TERMINAL DISTRICT**

**CASE NO. 2:17-CV-01114**

**VERSUS**

**JUDGE JAMES D. CAIN, JR.**

**REYNOLDS METAL CO**

**MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the Court is a "Motion *in Limine* to Exclude and/or Limit the Testimony of Baldwin Justice" (Doc. 356) wherein the Plaintiff, Lake Charles Harbor & Terminal District (the "District") moves to exclude the testimony of Defendants' real estate appraiser who performed an appraisal on the property at issue in this litigation.

## INTRODUCTION

Defendants have hired real estate appraiser, Baldwin Justice, to testify at trial as to the appraised value of the property at issue in this litigation. The District argues that Mr. Justice is not qualified to testify and/or his methodologies are impermissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 2796–97 (1993).

## LEGAL STANDARD

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Rule 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

 (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

 (b) The testimony is based on sufficient facts or data;

 (c) The testimony is the product of reliable principles and methods; and

 (d) The expert has reliably applied the principles and methods to the facts of the case.

The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993), provides the analytical framework to determine whether expert testimony (either scientific or nonscientific) is admissible under Rule 702. The *Daubert* framework requires trial courts to make a preliminary assessment of whether the expert is qualified, and whether the anticipated testimony is both reliable and relevant. *Kumho Tire Company v. Carmichael*, 526 U.S. 137 (1999).

Under *Daubert*, courts determine the reliability of expert testimony by assessing whether the reasoning and/or methodology underlying the testimony is scientifically valid, and employ a number of non-exclusive factors in the reliability analysis, including: (1) whether the technique at issue has been tested; (2) whether the technique has been subjected to peer review and publication; (3) the potential error rate; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique is generally accepted in the relevant scientific community. *Daubert*, 509 U.S. at 593-95; *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347 (5th Cir. 2007), *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577 (5th Cir. 2004); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661 (5th Cir. 1999).

A court's reliability inquiry must remain flexible, however, the factors enumerated in *Daubert* may or may not be pertinent in assessing reliability, depending upon the nature of the issue, the expert's particular expertise, and the subject of his testimony. *Kumho*, (*supra*). Courts have discretion to consider other factors they deem relevant and have considerable leeway in determining how to test an expert's reliability. *Guy v. Crown Equipment Corp.*, 394 F.3d 320 (5th Cir. 2004); *Runnels v. Tex. Children's Hosp. Select Plan*, 167 Fed. Appx. 377 (5th Cir. 2006). Within this framework, however, *Daubert* cautions that "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Daubert*, 509 U.S. at 596.

## LAW AND ANALYSIS

The District complains that Mr. Justice appraised only a limited portion of the property at issue in this litigation and ignored the characteristics of the larger property as a whole which is a waterfront location on the industrial canal turn-around basin. Consequently, the District maintains that Mr. Justice's appraisal leads to an artificially-low valuation which would mislead and confuse the jury.

Defendants remark that the District does not challenge Mr. Justice's qualifications as a commercial real estate appraiser and notes that the District has not provided an expert appraiser to refute Mr. Justice's valuation.

Mr. Justice has over ten years' experience in the appraisal industry, is a licensed certified general appraiser, and has been qualified as a commercial real estate appraiser. In addition, he testified that he has appraised contaminated property "at least a dozen times."[1]

---

[1] Defendants' exhibit B, Baldwin Justice deposition, p. 16:6-8.

The District will be able to cross-examine Mr. Justice and challenge his valuation at the trial of this matter.  However, the District has not persuaded the Court that Mr. Justice is not qualified to evaluate and appraise the subject property. Accordingly,

**IT IS ORDERED** that the Motion *in Limine* to Exclude and/or Limit the Testimony of Baldwin Justice (Doc. 356) is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 21st day of March, 2022.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**