UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LAKE CHARLES HARBOR & TERMINAL DISTRICT** | **CASE NO. 2:17-CV-01114** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **REYNOLDS METAL CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Lonza Group LTD and Lonza America Inc.'s Motion for Local Venire" (Doc. 410) wherein Defendants, Lonza, move for a venire of jurors from the Parishes within the Western District, the Lafayette Division, namely, Parishes of St. Martin, Acadia, Evangeline, Iberia, Lafayette, St. Mary, St. Landry and Vermillion.

Lonza complains that the Court is pulling jurors from the Lake Charles Division. This instant case is a Lake Charles Division case. On August 27, 2020, Hurricane Laura caused severe damage to the Lake Charles federal courthouse. As of this date, repairs to the courthouse are ongoing. Consequently, the undersigned has held all hearings and trials in the Lafayette courthouse and have pulled jurors from the Lake Charles Division for all Lake Charles Division trials.

28 U.S.C. § 1861 provides the following:

It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes. . . .

It appears that Lonza objects to the Court pulling jurors from the Lake Charles Division for a Lake Charles Division case. Under the Special Sessions Act, 28 U.S.C. § 141, the Court can conduct special proceedings anywhere in the district and summon jurors "from any part of the district in which the court ordinarily conducts business. . ." 28 U.S.C. § 141(b)(3)(A).  As noted by the District, this authority extends to the management of judicial resources in the wake of a hurricane. *See Collin Cty. V. Siemens Bus. Servs., Inc.*, 250 F.App'x 45, 54 (5th Cir. 2007) ("Catastrophic events such as Hurricane Katrina demonstrate that there may sometimes be reasons beyond a party's control that will deprive the party of its ability to try a case in federal or state court in a particular area."); *see also In Argyll Equities LLC v. Paolino*, 211 F.App'x 317, 318 (5th Cir. 2006) (holding that forum selection clause dictated where the court "sits" notwithstanding the "potentially infinite number of places in the Western District of Texas where it could hold a special session"); *United States v. Tomaiolo,* 249 F.2d 683, 693 (2d Cir. 1957) ("Under 28 U.S.C.A § 141 the Court is given wide discretion to move the place of trial to such places in the district 'as the nature of the business may require.'). As noted by the District, other than increased court costs, Lonza has identified no prejudice or potential harm as a result of pulling jurors from the Lake Charles Division.

The instant matter was originally filed in the Lake Charles Division where it normally sits and conducts business. Exigent circumstances have necessarily required this Court to conduct ~~the~~ trials in the Lafayette federal courthouse; because this is a Lake Charles Division matter, the jury will be pulled from the Lake Charles Division. The Court further finds that Lonza's motion borderlines on being frivolous and

unnecessarily increases the cost of this litigation and the Court's own judicial resources. Accordingly,

**IT IS ORDERED** that Lonza Group LTD and Lonza America Inc.'s Motion for Local Venire (Doc. 410) is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 28th day of March, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**