UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LAKE CHARLES HARBOR &** **TERMINAL DISTRICT** | : | **CASE NO.  2:17-CV-01114** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **REYNOLDS METAL CO.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Strike Testimony of Rob Bear and Compel Designation of New 30(b)(6) Representative, filed by Lake Charles Harbor & Terminal District ("the District").[1]  Doc. 419.  The motion is **DENIED** as untimely.

The motion concerns the deposition testimony of Rob Bear, the vice president of transformation for Alcoa Corporation, the corporate parent of Reynolds Metal Company ("Reynolds").  Doc. 419, att. 3, p. 7.  Defendant Reynolds designated Bear to testify on its behalf on March 16, 2022, in response to a Fed. R. Civ. P. 30(b)(6) subpoena issued by the District.  Doc. 419, p. 1.  The District reports that Bear was unable to adequately answer questions related to certain of the 28 topics identified in the deposition notice, such as 1) consultants that Reynolds has used in Louisiana for soil remediation, 2) Louisiana landfill regulations, 3) documents concerning the Lake Charles terminal property in Reynolds' possession, 4) personal knowledge of the closure of the landfill, 5) monitoring or inspection work performed by Reynolds, 6) environmental cleanups at other locations, 7) Reynolds' environmental policies or procedures, 8) waste sampling

---

[1] The Motion to Compel was filed on March 30, 3022, 18 days before trial.

at the Lake Charles site, 8) Reynolds' experts' reports, and 9) the fate and transport of constituents of concern at the facility. Doc. 419, att. 1. Characterizing Bear's testimony as inadequate, the District requests that the court issue an order excluding Bear from testifying at trial and requiring Reynolds to provide a substitute 30(b)(6) representative for deposition. Doc. 419, att. 1, p. 5. The District also takes issue with the fact that Bear did not adequately or completely identify each document he reviewed for the deposition.

In its opposition memorandum, Reynolds argues that the motion is untimely and that the District has articulated no good cause to extend the motions deadline under Fed. R. Civ. P. 16(b). Reynolds further argues that Bear was knowledgeable, prepared, and able to give adequate responses. Reynolds addresses each of the allegedly deficient areas of testimony in turn. Doc. 425, p. 9-11. Reynolds argues that the motion is baseless, noting that the District cites no rule or jurisprudence that would allow a witness to be struck shortly before trial on the basis of deficient deposition testimony. Doc. 425, p. 14. Reynolds also argues that it did not provide a list of the documents Bear reviewed (all of which have been produced) because attorneys selected those items, and as a result the list itself qualifies as work product. Doc. 425, p. 13.

The most recent Addendum to the Electronic Scheduling Order provides that "Motions to compel discovery, *Daubert* motions and motions in limine shall be filed no later than August 11, 2021 (60 days before trial)." Doc. 181, p. 2. All other motions "shall be filed no later than September 13, 2021 (28 days before trial)." *Id.* Since the Electronic Scheduling Order was issued, the trial was continued to April 18, 2022, and deadlines extended accordingly. Doc. 318. Adjusting for the April 18, 2022, trial date, the cutoff for motions to compel was February 17, 2022, 60 days before trial; the cutoff for all other motions was March 21, 2022, 28 days before

Case 2:17-cv-01114-JDC-KK   Document 442   Filed 04/11/22   Page 3 of 3 PageID #: 6687

trial. The latter deadline fell five days after the deposition of Bear, allowing Reynolds ample time to file the instant motion before the cutoff.

The court perceives no extraordinary circumstances that would justify the extension of the relevant deadline. The District's March 29, 2022, Motion to Strike Testimony of Rob Bear and Compel Designation of New 30(b)(6) Representative [doc. 419] is therefore **DENIED** as untimely.[2]

THUS DONE AND SIGNED in Chambers this 11th day of April, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the motion is denied as untimely, the court does not reach the merits of the arguments raised by the parties. Specifically, the court makes no determination as to whether the list of documents reviewed by Bear is protected from disclosure under the work product doctrine. Nor does the court address whether it would be appropriate to exclude a trial witness on the basis of inadequate deposition testimony.